**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEJANDRO CASTILLO TREVINO, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICA'S GULAG SHAREHOLDERS/EPSTAIN CARTEL, *et al.*,<br><br>*Defendants*. | Civil Action No. 26 - 2043 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Alejandro Castillo Trevino, proceeding pro se with sixty-three named Plaintiffs and ten million John and Jane Doe Plaintiffs, brings this suit against hundreds of individual, government, and John and Jane Doe Defendants. ECF No. 1, at 1-8. Pending before the court are Plaintiffs' original complaint, ECF No. 1; Plaintiff Helios Ordonez Cabello's Motion for a Hearing, ECF No. 4; and several Plaintiffs' Motion for Leave to File an Amended Complaint, ECF No. 12. In their original complaint, which spans 118 pages, contains 219 paragraphs, and is accompanied by 378 pages of exhibits, Plaintiffs appear to allege violations of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments of the U.S. Constitution; the United Nations Convention Against Torture; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, and they request tens of millions of dollars in damages, as well as injunctive, declarative, and mandamus relief—among myriad other claims. *See* ECF No. 1 ¶¶ 172-175. For the reasons explained below, the court will dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 8 but will permit Plaintiffs to file an amended complaint that cures

the existing deficiencies within thirty days. The court will also deny Plaintiffs' outstanding motion for leave to file an amended complaint, ECF No. 12, and will deny Mr. Cabello's motion for a hearing, ECF No. 4, as moot.

Rule 8(a) requires that a complaint include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added); *see id.* 8(d)(1) (requiring "simple, concise, and direct" allegations). Rule 8 ensures that the defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). And a complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, (D.D.C. 2013)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the federal rules"). But "[w]hen a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate

remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts*, 319 F.R.D. at 413-14 (second alteration in original) (quoting *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015)).

Here, Plaintiffs' complaint fails to meet the pleading standards of Rule 8. First, at 118 pages long, Plaintiffs' complaint is neither "short" nor "plain." Fed. R. Civ. P. 8(a). Beyond its length, "it is nearly impossible to discern the *essential* facts that underlie Plaintiffs' legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions that are presented in [their] pleading[s]." *Jiggetts*, 319 F.R.D. at 415. The complaint introduces a new Plaintiff every few paragraphs, describes entirely disparate events, and requests different forms of relief based on each new set of allegations—which, in turn, are often based on the actions of newly introduced Defendants.

For example, the complaint recites the story of Plaintiff Elidio Hugo Lopez Garcia and his difficulties supporting his small businesses, his family, and his various commercial and residential properties as he attempts to "regulate his immigration status into the United States." ECF No. 1 ¶¶ 109-113. As the complaint concerns Mr. Garcia, Plaintiffs allege violations of due process, equal protection, and the APA by the Dallas Immigration Court, the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE"), *id.* ¶¶ 113-114, and Plaintiffs request two million dollars in damages from each Defendant, as well as "injunctive-prospective-mandamus and prohibition relief" for Mr. Garcia, *id.* ¶ 116. But in the very next paragraphs, the complaint introduces sixteen new Plaintiffs unrelated to Mr. Garcia—alongside "five million Jane Doe[] and [five million] John Doe[]" Plaintiffs—alleging that DHS, the "Texas Gulag," Greg Abbott, Ken Paxton, Kim Ogg, the Houston Police Department, and the

Harris County Judicial Circuit have a "criminal cahoot and chain conspiracy" meant to "deliberately destroy [these] Plaintiffs' family unit" and perpetrate "embezzlement," "fraudulent deportation," "false imprisonment," "forced labor," and "fabricated charges of sexual assault." *Id.* ¶¶ 118-120. Plaintiffs' attempt to amalgamate hundreds of distinct legal cases into a widespread, inscrutable complaint against the American immigration, drug enforcement, and judicial system, *see id.* ¶¶ 12-159, "leave[s] the court at a loss about what claims it is being asked to adjudicate," *Keese v. U.S. Dep't of Veterans Affs.*, No. 24-CV-2474, 2026 WL 710200, at *3 (D.D.C. Mar. 13, 2026). Put another way, Plaintiffs draw no clear connections between the numerous factual allegations and their legal claims, except that each Plaintiff has been harmed at the hands of "America's Gulag-prison system and [the] Epstein Cartel." ECF No. 1 ¶ 179.

What is more, a pro se plaintiff can only represent himself, not others, nullifying Plaintiffs' purported efforts to raise claims on behalf of anyone but the fifty-four Plaintiffs who signed the complaint. *Id.* ¶¶ 110-118; *see Glob. Reach, Inc. v. Hawkwood Grp. LLC*, No. 26-CV-1394, 2026 WL 1329238, at *10 (D.D.C. May 13, 2026) ("[A]n individual who is not an attorney cannot appear *pro se* and seek to represent others, but may only represent himself."). That alone requires dismissal of the named Plaintiffs who did not personally sign the complaint as well as the purported ten million John and Jane Doe Plaintiffs.

Plaintiffs' request for relief suffers from the same problems. Plaintiffs request dozens of vague forms of relief under the Constitution, APA, and Alien Tort Statute, 28 U.S.C. § 1350; declaratory and injunctive relief; millions of dollars in damages for each Plaintiff; for the court to certify Plaintiffs' case as a class action under Federal Rule of Civil Procedure 23; for the court to grant discovery on "every" claim mentioned in the complaint; for a "writ of mandamus and prohibition compelling" other courts to rule in each ongoing legal case mentioned in the complaint;

and for this court to hold a trial on "all issues triable by jury," among other requests for relief. ECF No. 1 ¶¶ 199-219. But a complaint that "demand[s] so many forms of relief that the Court cannot discern what claim or claims Plaintiff intends to bring . . . is subject to dismissal as frivolous." *Fontanez v. Fed. Bureau of Investigation*, No. 21-CV-203, 2021 WL 3087680, at *1 (D.D.C. Feb. 12, 2021). Plaintiffs also ask the court to reopen the immigration proceedings of numerous unspecified Plaintiffs. *See* ECF No. 1 ¶¶ 185-187, 218. But it is well established that federal district courts "do not [have] the power to review the decisions of other district courts or to force other district courts to act," *Moore v. U.S. Dist. Ct. for Dist. of Ariz.*, No. 10-CV-434, 2010 WL 1005757, at *1 (D.D.C. Mar. 16, 2010), and generally lack jurisdiction to review or interfere with judicial decisions by state courts, *see Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)). And to the extent Plaintiffs challenge certain deportation decisions, "federal district courts lack jurisdiction to review matters involving removal proceedings and the execution of removal orders." *McIntyre v. District of Columbia*, 716 F. Supp. 2d 7, 8 n.1 (D.D.C. 2010) (internal quotation marks and citation omitted).

In these and other ways, the complaint "unquestionably falls into the unintelligible category." *Jiggetts*, 319 F.R.D. at 415. Plaintiffs fail to put any Defendant on notice of what, particularly, is being asserted against them. *See Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (explaining that when a complaint "contains numerous unnecessary averments and is so lengthy and confusing[,]" the defendants "cannot be expected to formulate a response that would 'apprise [the plaintiffs] of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established'" (quoting Charles Alan Wright et al., Federal Practice and Procedure § 1261 (1990))). Because it

is "exceedingly difficult" to determine the basis of Plaintiffs' claims, it is nearly impossible to ascertain which "of the particular allegations . . . correspond to the legal theories and claims that are alleged." *Jiggetts*, 319 F.R.D. at 415-16.[1]

Courts frequently reject similar pleadings under Rule 8(a). *See, e.g.*, *Hamrick v. United States*, No. 08-CV-1698, 2009 WL 8747880, at *1 (D.D.C. Jan. 30, 2009) (dismissing the complaint because the defendants "should not be forced to spend time and energy in attempting to decipher [the] plaintiff's utterly confusing and lengthy pleading"); *Kelleher v. Regan*, No. 23-CV-2756, 2023 WL 8600507, at *1 (D.D.C. Nov. 27, 2023) (dismissing a complaint that "offer[ed] a 'rambling, disjointed, incoherent' discussion" (quoting *Jiggetts*, 319 F.R.D. at 413)); *Adams v. U.S. Dep't of State*, No. 13-CV-1041, 2013 WL 4579929, at *1 (D.D.C. July 10, 2013) (concluding that "[w]here, as here, a complaint 'is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,"' it is subject to dismissal for its

[1] Several Plaintiffs moved for leave to file an amended complaint. ECF No. 12. Federal Rule of Civil Procedure 15(a) dictates that leave to file an amended complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant a motion to amend is within the sound discretion of the district court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). But Plaintiffs' amended complaint appears to supplement, not replace, the original complaint. The amended complaint adds dozens of paragraphs of new factual allegations and names nearly 130 new Defendants, all "[i]n addition to the pleadings [in] the original complaint." ECF No. 12 ¶ 17. In general, "where a *pro se* party has filed multiple submissions, the district court must generally consider those filings together and as a whole." *Williams v. Shinseki*, 161 F. Supp. 3d 77, 84 (D.D.C. 2011) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *see Ford v. Donovan*, 891 F. Supp. 2d 60, 62 (D.D.C. 2012) ("Instead of superseding his original Complaint, as a typical Amended Complaint does, this later pleading supplements it. Given his *pro se* status, the Court will treat the combined pleadings as one joint Complaint."). But even when combined with Plaintiffs' initial complaint, the amended complaint does not cure the Rule 8 deficiencies identified above; if anything, it aggravates them. The court will therefore deny Plaintiffs leave to file the current amended complaint, ECF No. 12, without prejudice to their filing an amended complaint that complies with Rule 8.

failure to comply with Rule 8(a)" (quoting *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003))).

Given the incomprehensible nature of Plaintiffs' complaint, the court is unable to meaningfully evaluate it. The court will *sua sponte* dismiss the complaint without prejudice and allow Plaintiffs thirty days to file an amended complaint that complies with Rule 8. *See Ciralsky*, 355 F.3d at 668-69. The amended complaint must contain a "short and plain" statement of Plaintiffs' entitlement to relief. Fed. R. Civ. P. 8(a)(1)-(2). Plaintiffs must clearly state the basis for the court's jurisdiction, each cause of action and the legal basis for that action, and the relief sought for each specific cause of action. The complaint must also distill the relevant facts and legal theories "into a coherent recitation of essential information," rather than "load[]" the "pleading with every conceivable detail that relate[s] to any and all aspects of" Plaintiffs' claims. *Jiggetts*, 319 F.R.D. at 418. Finally, the amended complaint may only raise factual allegations and legal claims concerning the pro se Plaintiffs who sign and file the amended complaint.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED** without prejudice, but Plaintiffs are granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 on or before December 24, 2026. It is further **ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint, ECF No. 12, is **DENIED**, and Plaintiff Helios Ordonez Cabello's Motion for a Hearing, ECF No. 4, is **DENIED** as moot.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: November 24, 2026